REAGAN v. IRVIN.

It is error to proceed to trial without a replication to the plea of set-off, and this, though the record states that the jury were sworn to "try the *issues*," for there was none to the plea of set-off.

The omission to file an attachment bond, as required by the statute, is matter in abatement, and is waived by appearance and plea to the merits.

*Appeal from Washington Circuit Court.*

Hon. WILLIAM STORY, Circuit Judge.                    ·

WATKINS & ROSE, for appellant.

No bond was filed in this case by the plaintiff, and for this reason the whole proceeding is unauthorized and without warrant of law. *Didier v. Galloway, 3 Ark., 501; 5 Ark., 458.* An attachment issued without the bond is absolutely void; *4 S. & M., 683;* and is not remedied by appearance and pleading to the action. *2 Howard (Miss.), 669; 3 B. Mon., 80.*

J. D. WALKER, for appellant.

The want of a replication to appellant's plea of set-off is a defect that is fatal, and is not cured by verdict. *McMechan v. Hoyt, 16 Ark., 303; Taylor, et al., v. Coolidge, 17 Ark., 456.* This case differs from *Dorris v. Grace, 24 Ark., 326,* in which there was an issue, though informal.                                        •

GREGG, for appellee.

The appellee submits that a formal replication to appellant's plea of set-off is not necessary, if the record shows that a trial was had on that plea; and the record does show that the trial was had on more issues than one, whilst there were but two pleas.

WALKER, C. J.

The appellee, Irvin, brought his action of assumpsit, by attachment, against Reagan, in the Washington circuit court. Reagan appeared and filed pleas of non-assumpsit and set-off, to the first of which there was a joinder, but no replication was filed to the plea of set-off. The case was submitted to a jury, who, as the record states, were sworn to "try the *issues* joined," &c. The jury rendered a verdict for plaintiff, upon which judgment was rendered against Reagan, who has appealed, and in this court contends that the jury could not have been sworn to try an issue upon the plea of set-off, because no issue had, in fact, been proved, and, consequently, none was before them for trial; and that the verdict and judgment were erroneous.

The question thus presented was considered and settled by this court, in *Cole v. Wagner, 2 Ark., 154,* and reaffirmed and approved in *Stone v. Robinson, 9 Ark., 553; Taylor v. Coolidge, 17 Ark., 456; Williams v. Perkins, 21 Ark., 19;* and *Fesmire & Stone, ads., v. Brock,* decided at the present term of this court; where, in an action of assumpsit, pleas of non-assumpsit and limitation were filed, and to which there was neither joinder nor replication, this court held that it was error to proceed to trial without a replication to the plea of limitation.

The case before us is a stronger case than any heretofore presented. If the omission had been as to the joinder to the plea of non-assumpsit, after verdict the error might be considered as cured; or even where a plea concludes with a verification, to which there is an informal joinder, as held in the case of *Dorris v. Grace, 24 Ark., 326;* if, upon the whole record, it appears that the informal issue was treated by the parties as sufficient, and under which they had the full benefit of their evidence, and that such evidence wholly failed to sustain the plea, and thereby showing that no injustice had been done the defendant, under the rule, as laid down in *Sweeptzer v. Gaines, et al., 19 Ark., 96;* and *Tatum v. Tatum, id., 199;* this court

refused to disturb the verdict. The plea of set-off, filed in this case, was in the nature of a cross action. In *Robinson v. Mace, 16 Ark., 100,* this court said the plea of "set-off contains a sort of new case, brought for the first time by the defendant against the plaintiff, * * * he not only undertakes to defend against a claim presented against him by the plaintiff, but he, also, in some instances, attempts to recover against him by producing an entirely new case, one which has no connection with the one sought to be enforced against him." And in the case of *Rotan v. Nichols, 22 Ark., 244,* Mr. Justice COMPTON cites, with approval, *Desha's exrs. v. Robinson, 7 Ark., 228,* and holds that the same strictness is required in a plea of set-off as in a declaration.

This plea of set-off, then, was, in effect, a declaration against the plaintiff, intended not only as an answer to the complaint or demand of the plaintiff against him, but also the setting forth a cause of action against the plaintiff, upon which, if sustained by evidence, final judgment would be rendered, not only in a bar of recovery upon the case made in the plaintiff's declaration, but also for judgment against the plaintiff, upon the cause of action set up in the defendant's plea of set-off. It is evident, therefore, that it was as fatal to the plaintiff's recovery to leave this plea unanswered as it would have been to the defendant had he failed to make answer to the plaintiff's declaration. In either case, a cause of action stands unimpeached.

It is true, as contended for the appellee, that the record shows that the jury were sworn to try the issue; and if the verdict had gone a step further, and shown that replications had been filed, the suggestion might have been entitled to consideration; but the record makes no such statement, nor is it contended that there is any omission in the record to state the facts fully. It was manifestly erroneous to submit the case to the jury without a replication to the plea of set-off. Nothing is to be inferred in favor of the jury upon the issue, because there was no issue. The evidence is not before us. The case

stands upon the error apparent upon the face of the record, and is such as is not cured by our statute of amendments, under the most liberal construction we have given it.

The other assignment of error was, in its nature, matter in abatement, and, if taken in proper time, would have been good ; but was waived by the appearance of the defendant and his pleas to the merits of the action ; but, after a plea to the merits, it is too late to object that no attachment bond had been filed, as required in such cases by statute.

But, for the first error, the judgment must be reversed, and the cause remanded, with leave to the plaintiff to demur or reply to the defendant's plea.

Judgment reversed.